FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL P.,[1] <br><br>         Plaintiff, <br><br>   v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br>         Defendant. | No. 2:25-CV-00244-MKD <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION <br><br> **ECF Nos. 12, 14** |

Before the Court are the parties' briefs. ECF Nos. 12, 14. Plaintiff is proceeding *pro se*. Special Assistant United States Attorneys Shata Stucky and L. Jamala Edwards represent Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

# JURISDICTION

Plaintiff applied for Title II disability insurance benefits on February 28, 2020, alleging disability beginning October 30, 2010.  Tr. 300, 301-309.  The application was denied initially and upon reconsideration.  Tr. 173-182, 183-201.  An Administrative Law Judge (ALJ) held a hearing on April 10, 2024, Tr. 75-101, and issued an unfavorable decision on April 30, 2024.  Tr. 8-30.  The Appeals Council denied review on May 8, 2025.  Tr. 1-5.  Plaintiff appealed this final decision on July 10, 2025.  ECF No. 1.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted).  "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation marks and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation marks and citation omitted).  In determining

ORDER - 2

whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER - 3

has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

ORDER - 4

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff, who meets the insured status requirements of the Social Security Act through December 31, 2026, engaged in substantial gainful activity during the following periods: 2011, 2014, 2015, 2017,

ORDER - 6

2018, 2019, and 2023, but there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.[2]  Tr. 13.

At step two, the ALJ found that Plaintiff has the following severe impairments: multiple sclerosis, degenerative disc disease of the lumbar spine with chronic back pain, osteoporosis, generalized anxiety disorder, major depressive disorder, and post-traumatic stress disorder.  Tr. 14.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 15.

The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can stand and/or walk for four hours per day, and needs a stretch break from prolonged sitting of one to two minutes at the workstation. [Plaintiff] can perform postural activities occasionally but never climb ladders, ropes or scaffolds, and never balance.  [Plaintiff] should avoid more than moderate exposure to extreme temperatures and avoid all exposure to hazards such as unprotected heights and dangerous moving machinery.

---

[2] A claimant who engages in substantial gainful activity is not disabled during the period in which such activity occurs.  20 C.F.R. § 404.1520(b).  Plaintiff does not challenge the ALJ's step-one determination.  Accordingly, this finding independently precludes a finding of disability for the periods in which Plaintiff engaged in substantial gainful activity.

ORDER - 7

> [Plaintiff] is able to maintain concentration, persistence and pace on simple, routine tasks for the two-hour intervals between regularly scheduled breaks. [Plaintiff] can work in a predictable environment with no more than occasional changes. [Plaintiff] can have no assembly line pace or similarly fast paced work. [Plaintiff] can have occasional and superficial interaction with the public, coworkers, and supervisors in no more than small groups.

Tr. 16-17.

At step four, the ALJ found Plaintiff is unable to perform past relevant work.[3] Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, to include collator operator, mail clerk, and routing clerk. Tr. 24-25.

Therefore, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from October 30, 2010, through the date of the decision. Tr. 25.

---

[3] Plaintiff argues the ALJ "abused her discretion stating 'being a server' a few times[,] ignoring the limitations imposed by my disability." ECF No. 12 at 1. Although the ALJ found Plaintiff "has past relevant work as a waiter/waitress," she concluded, based on the RFC and vocational expert testimony, that Plaintiff is "unable to perform past relevant work as actually or generally performed." Tr. 24.

ORDER - 8

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.

Plaintiff's briefing recounts her medical conditions and asserts that she is unable to sustain employment. She does not, however, identify specific legal error in the ALJ's analysis, cite to portions of the administrative record demonstrating mischaracterization or misevaluation, or challenge discrete findings within the decision.[4]

Although the Court construes *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), that principle does not alter the allocation of burdens on judicial review. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki*, 556 U.S. at 407-09).

---

[4] Plaintiff attached several pages of medical evidence. *See* ECF No. 12-1. However, it does not appear this evidence is contained in the record. The Court may not consider evidence outside the record before the agency. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

ORDER - 9

Liberally construing Plaintiff's brief, Plaintiff appears to raise the following issues for review:

1. Whether the ALJ properly assessed Plaintiff's testimony; and

2. Whether the ALJ properly fashioned the RFC.

ECF No. 12 at 1-6.

**DISCUSSION**

**A. Plaintiff's Testimony**

Plaintiff appears to argue the ALJ erroneously discounted her symptom testimony. *See* ECF No. 12 at 1-6. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

ORDER - 10

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

ORDER - 11

416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 18.

The ALJ articulated several reasons to discount Plaintiff's testimony.  First, the ALJ cited neurological examinations reflecting intact strength and generally stable findings despite the multiple sclerosis diagnosis.  Tr. 18-20.  Second, the ALJ cited the longitudinal treatment history and noted the absence of sustained neurological deterioration.  Tr. 18-19.  Third, the ALJ cited Plaintiff's improvement with and course of treatment.  Tr. 18-20.  Fourth, the ALJ cited Plaintiff's activities, including "complet[ing] a college degree during the period at issue."  Tr. 20.  Finally, the ALJ relied on Plaintiff's engagement in substantial gainful activity during portions of the period at issue.  Tr. 20.  Each of these reasons is clear and convincing, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citation omitted); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence

ORDER - 12

of medical treatment successfully relieving symptoms can undermine a claim of disability.") ((citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1))); *Molina*, 674 F.3d at 1113-14 (an ALJ may discount a claimant's testimony when the "level or frequency of treatment is inconsistent with the level of complaints") (citations omitted); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("The ALJ made a reasonable determination based on specific, clear, and convincing evidence that Smartt's daily activities were inconsistent with the alleged severity of her limitations."); *Molina*, 674 F.3d at 1113 (noting that "[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted); *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009) (an ALJ may weigh inconsistencies between a claimant's testimony and work record); and the Court discerns no error.

Plaintiff does not argue that the ALJ failed to apply the "clear and convincing" standard or otherwise challenge these findings.  Instead, Plaintiff reiterates her belief that her symptoms preclude employment.  Such disagreement with the outcome does not establish legal error.  Plaintiff neither identifies what subjective complaints were improperly discounted nor addresses the grounds on which the ALJ discounted her subjective complaints.  Plaintiff thus falls far short of meeting her burden to show the ALJ harmfully erred.  *See Indep. Towers of*

ORDER - 13

*Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court… We require contentions to be accompanied by reasons."); *Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *Gonzalez-Hernandez v. Colvin*, 2014 WL 4685234, at *5 (E.D. Wash. Sept. 19, 2014) ("At base, Plaintiff contends she is disabled.  The ALJ recounted Plaintiff's activities of daily living, the objective medical evidence, and reconciled the competing opinions and evidence as he was obligated.  No harmful error has been briefed or shown.  Because Plaintiff's arguments have not been raised with any more particularity, the Court will decline to address anything further.") (internal citations omitted).  Because Plaintiff has not meaningfully challenged the ALJ's articulated reasoning, she has not demonstrated that the ALJ harmfully erred.  *See Ludwig*, 681 F.3d at 1054.

**B.  RFC**

The RFC represents "the most [Plaintiff] can still do despite [her] limitations," and its assessment is reserved to the Commissioner.  20 C.F.R. § 404.1545(a).  The ALJ is responsible for resolving evidentiary conflicts and translating medical findings into functional limitations.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).  The Court may not reweigh the

ORDER - 14

evidence or substitute its judgment for that of the agency. *Edlund*, 253 F.3d at 1156.

The ALJ determined that Plaintiff retained the capacity to perform light work with additional limitations. Tr. 16-17. An ALJ is not required to incorporate limitations premised on testimony or evidence properly discounted. *Stubbs-Danielson*, 539 F.3d at 1174. Nor must the Court determine whether the record could support a different RFC. *See Molina*, 674 F.3d at 1111.

Plaintiff does not identify a particular limitation that the ALJ failed to include in the RFC. She does not challenge the evaluation of any medical opinion. Nor does she argue that the hypothetical posed to the vocational expert omitted limitations supported by the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). An ALJ is not required to incorporate limitations based on evidence that was properly discounted. *Stubbs-Danielson*, 539 F.3d at 1174. Absent identification of a specific legal deficiency in the RFC formulation, Plaintiff has not established reversible error. *See Ludwig*, 681 F.3d at 1054.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **DENIED**.

ORDER - 15

2. Defendant's Brief, **ECF No. 14**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 2, 2026.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 16